IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JIMMY RAYMOND BLOW,

        Petitioner,

  v.

BUREAU OF PRISONS,

        Respondent.
                                     /

No. C 07-01357 CW (HC)

ORDER TRANSFERRING PETITION FOR WRIT OF HABEAS CORPUS

    Petitioner Jimmy Raymond Blow, a federal prisoner, filed this petition under 28 U.S.C. § 2241 claiming his due process rights were violated because there was insufficient evidence for the Discipline Hearing Officer to find him guilty of engaging in or encouraging a group demonstration.  The incident in question took place at the United States Penitentiary in Beaumont, Texas, where Petitioner was incarcerated from October 31, 2000 through July 11, 2006.  Petitioner filed this petition on September 17, 2007, when he was incarcerated at the United States Penitentiary in Atwater, California.  On September 3, 2008, Petitioner was transferred to the United States Penitentiary Lee in Jonesville, Virginia.  See Docket # 16.

    The writ of habeas corpus under 28 U.S.C. § 2241 can issue only from a court with jurisdiction over the prisoner or his custodian.  United States v. Koller, 956 F.2d 1408, 1417 (9th Cir. 1992) (citations omitted).  28 U.S.C. 2241(a).  The statute allows "the Supreme Court, any justice thereof, the district courts and

any circuit judge" to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. 2241(a). Because the writ of habeas corpus is directed at the person who allegedly has detained the prisoner unlawfully, section 2241(a) requires "nothing more than that the court issuing the writ have jurisdiction over the custodian." Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 495 (1973).

Where a federal district court determines that the appropriate custodian resides within the State in which it sits, the district court has personal jurisdiction over the petition because its jurisdiction extends to the territorial limits of the State in which the court sits. United States ex rel. Ruffin v. Mancusi, 300 F. Supp. 686, 687 (E.D.N.Y. 1969). As long as the custodian of a petitioner resides within California, this Court has personal jurisdiction over the custodian and is accordingly empowered to hear the petition.

Because Petitioner is presently incarcerated in a federal penitentiary in Virginia, this Court lacks jurisdiction over him and his petition. In the interests of justice and judicial efficiency, this Court transfers the petition to the Western District of Virginia which now has jurisdiction over Petitioner.

## CONCLUSION

For the foregoing reasons, Petitioner's petition for a writ of habeas corpus is transferred to the Western District of Virginia.

IT IS SO ORDERED.

Dated: 6/30/09

CLAUDIA WILKEN
United States District Judge